UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

        Plaintiff,

v.

ALEXANDER SIMPSON,

        Defendant.
_____/

Case No. 2:92-cv-70463
Chief Judge Gerald E. Rosen
Magistrate Judge Anthony P. Patti

**ORDER GRANTING WITH MODIFICATION PLAINTIFF'S APPLICATION FOR WRIT OF CONTINUING GARNISHMENT (DE 41), GRANTING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT AND CLAIM FOR EXEMPTIONS (DE 45), and OVERRULING DEFENDANT'S OBJECTION TO GARNISHMENT**

The Government initiated this case on January 27, 1992, more than twenty-three (23) years ago. (DE 1.) During that calendar year, the Clerk entered judgment by default in favor of Plaintiff and against Defendant Simpson in the amount of $1,133.34, plus interest. (DE 7.)

Recently, on July 14, 2015, the Government filed an application for writ of continuing garnishment as to Garnishee CD-Adapco. (DE 41.) A writ of continuing garnishment and Clerk's notice of garnishment entered the same day. (DE 43 at 1-3, 4-6.) On August 7, 2015, Analysis and Design Application Co.,

Ltd., apparently an affiliate of CD-Adapco, filed an answer, verifying that Defendant is or was in its employ. (DE 44.)

Currently before the Court is Simpson's August 7, 2015 request for hearing about the garnishment and claim for exemptions, in essence, his objection to garnishment. (DE 45.) Therein, Simpson poses two questions: (1) "I am requesting specific information about the debt and the principal amount owed," and (2) "I would like to request that the Court exempt the debt if a statute of limitations applies to my case."

The Government filed a response, attached to which is a "Payment Received Report" for the period January 1, 1990 to August 10, 2015, showing a current balance of $1,191.11. (DE 46, DE 46-1). Moreover, as to Defendant's statute of limitations argument, the Government relies, *inter alia*, upon the Sixth Circuit's opinion in *United States v. Brown*, 7 F.App'x 353, 354 (6th Cir. 2001).

Chief Judge Rosen has referred Simpson's objection to garnishment to me. (DE 48.) A hearing was noticed for September 17, 2015. (DE 49.) On the date set for hearing, attorney Tamara Pearson appeared on behalf of the Government and Mr. Simpson appeared on his own behalf. During the hearing, Government counsel represented that enough money has been withheld by the Garnishee Defendant to satisfy the judgment outstanding against Defendant Simpson.

For the reasons stated on the record, the Government's application for writ of continuing garnishment (DE 41) is modified as a request for an order requiring the Garnishee Defendant to pay $1,191.11 to the Plaintiff and, as modified, is GRANTED; Defendant's request for hearing (DE 45) is GRANTED; and Defendant's objections to the garnishment are OVERRULED.  As confirmed at the hearing, the $580.19 bi-weekly wage garnishment has since satisfied the outstanding judgment against Plaintiff.  (*See* DE 44 at 2, DE 46 at 2.)  Once Plaintiff has received the $1,191.11, the Government SHALL promptly file a satisfaction of judgment and mercifully bring this ancient case to a close.

**IT IS SO ORDERED.**


Dated: September 17, 2015            s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 17, 2015, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti